**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LLOYD LEPOCHAT, ) | 3:06-CV-00300-HDM (RAM) |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| ) | |
| JO ANNE B. BARNHART ) | |
| Commissioner of Social Security ) | |
| Defendant. ) | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Plaintiff filed a motion for reversal of the Commissioner's decision on January 11, 2007 (Doc. #8). Defendant opposed the motion and filed a cross-motion to affirm the Commissioner's final decision on February 8, 2007 (Doc. #9).

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the time of the decision, Plaintiff Lloyd LePochat was a forty-five year old man with a highschool education and a work history as a tattoo artist and construction painter (Tr. 19). Plaintiff filed an application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on November 3, 2003 (Tr. 22, 53) asserting severe neck pain, back pain and right shoulder injury have caused him to be permanently and completely disabled since October 19, 1999 (Tr. 19-20).

///

Plaintiff, represented by attorney Dennis A. Cameron, appeared and testified at the disability hearing on June 23, 2005 (Tr. 19). The Administrative Law Judge (ALJ) followed the five-stage procedure for evaluating disability claims, set forth in C.F.R. § 404.1520, and found, at step four, that Plaintiff could perform his past relevant work as a tattoo artist (Tr. 22). Accordingly, in the decision issued on August 12, 2005, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act (Tr. 22). Plaintiff appealed the decision and the Appeals Council denied review (Tr. 5-7). Thus, the ALJ's decision became the final decision of the Commissioner (*Id.*).

Plaintiff now appeals the ALJ's decision to the district court, in which he argues the ALJ improperly rejected Plaintiff's credibility and, in doing so, used an incomplete RFC to determine Plaintiff could return to his past relevant work as a tattoo artist (Doc. #8).

Both parties stipulate that the ALJ fairly and accurately summarized the material evidence and testimony (Doc. #8 at 2, Doc. #9 at 2).

## II.  STANDARD OF REVIEW

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Smolen v. Charter*, 80 F.3d 1273, 1279 (9th Cir. 1996). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F. 3d 748, 749 (9th Cir. 1995). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Id.* The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986); 20 C.F.R. § 404.1512(a). To meet this burden,

a plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months ..." 42 U.S.C. §423 (d)(1)(A).

## III. DISCUSSION

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987); *see* 20 C.F.R. §§ 404.1520, 416.920. If at any step the SSA can make a finding of disability or nondisability, a determination will be made and the SSA will not further review the claim. *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

In the first step, it must be determined whether the claimant is engaged in "substantially gainful activity"; if so, a finding of nondisability is made and the claim is denied. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in substantially gainful activity, the second step requires determining whether his impairments or combinations of impairments are "severe." *Yuckert*, 482 U.S. at 140-41. If a claimant's impairments are so slight that they cause no more than minimal functional limitations, it will be determined that the claimant is not disabled. 20 C.F.R. § 404.1520. If, however, it is found that the claimant's impairments are severe, such impairments will be presumed to be sufficiently severe provided the impairments meet or equal the impairments described in the Commissioner's Listing of Impairments and are of sufficient duration. 20 C.F.R. § 404.1520(d). If the claimant's impairments meet or equal a listed impairment, the claimant is conclusively presumed disabled. *Id*. If the claimant's impairments are severe, but do not meet or equal a listed impairment, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141. In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If he can still do past relevant work, then the ALJ should determine that he is not disabled. 20 C.F.R. § 404.1520(f). If, however, he cannot perform past relevant work, the burden shifts to the Commissioner, *Yuckert*, 482 U.S. at 144, to establish, in step five, that the claimant can

1 perform work available in the national economy. *Id.* at 141-42; *see* 20 C.F.R. §§ 404.1520(e),
2 404.1520(f), 416.920(e), 416.920(f).

3 Application of steps four and five requires the ALJ review the claimant's residual
4 functional capacity and the physical and mental demands of the work he did in the past. 20
5 C.F.R. § 404.1520(f) & (g). "Residual functional capacity" (RFC) is what the claimant can still
6 do despite his limitations. 20 C.F.R. § 404.1545. If the individual cannot do the work he did
7 in the past, the ALJ must consider his RFC, age, education, and past work experience to
8 determine whether he can do other work. *Id.* If the Commissioner establishes the claimant
9 can do other work which exists in the national economy, then he is not disabled. 20 C.F.R.
10 404.1566.

11 In the present case, the ALJ applied the five-step sequential evaluation process and
12 found, at steps one through three, that Plaintiff was not engaged in substantially gainful
13 activity (Tr. 19) and that the medical evidence established Plaintiff has severe neck and back
14 pain and left shoulder soft tissue injury (Tr. 21). However, the ALJ concluded these
15 impairments do not meet or equal the level of severity of any impairments described in the
16 Listing of Impairments (Appendix I, Subpart P, Regulation No. 4) either individually or in
17 combination (Tr. 21). At step four, the ALJ determined Plaintiff could perform his past
18 relevant work as a tattoo artist; therefore, review of Plaintiff's claim ended there (Tr. 22).

## **Credibility Assessment**

20 Plaintiff asserts the ALJ erred in determining Plaintiff's subjective fatigue allegations
21 were out of proportion with the overall weight of the objective evidence and other non-
22 medical factors (Doc. #8 at 6). Specifically, Plaintiff contends the ALJ improperly discredited
23 Plaintiff's testimony that he must lie down twice a day for two hours at a time and, based on
24 this error, the ALJ failed to consider the effects of Plaintiff's fatigue when he determined
25 Plaintiff's RFC and determined Plaintiff could perform his past relevant work as a tattoo artist
26 (Doc. #8 at 6-7). Defendant argues the ALJ assessed Plaintiff's credibility and found
27 Plaintiff's statements uncorroborated by the medical records, inconsistent with the

4

consultative examiner's opinion and unsupported by the conservative treatment Plaintiff received (Doc. #9 at 7).

A claimant's credibility becomes important at the stage where the ALJ assesses the claimant's RFC. *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001). Subjective symptom testimony may tell of greater limitations than medical evidence alone. *Id.* Thus, a claimant's credibility is often crucial to a finding of disability. *Id.* (*citing* Social Security Rule 96-7p (1996)).

In general, when deciding whether to accept or reject a claimant's subjective symptom testimony, an ALJ must perform two stages of analysis: an analysis under *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986) (the "*Cotton* test") and an analysis of the credibility of the claimant's testimony regarding the severity of his or her symptoms. *Smolen*, 80 F.3d at 1281; *see also* 20 C.F.R. § 404.1529 (adopting two-part test). "If the claimant produces evidence to meet the *Cotton* test and there is no evidence of malingering, the ALJ can reject the claimants testimony about the severity of his or her symptoms only by offering specific, clear, and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)(en banc). This test "imposes only two requirements on the claimant: (1) [he or] she must produce objective medical evidence of an impairment or impairments; and (2) [he or] she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom." *Smolen*, 80 F.3d at 1282 (emphasis in original); *see also* 20 C.F.R. § 404.1529(a)-(b).

An ALJ's credibility findings are entitled to deference if they are supported by substantial evidence and are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's [symptom] testimony.'" *Bunnell*, 947 F.2d at 345-346 (*quoting Elam*

5

*v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991). When analyzing credibility, an ALJ may properly consider medical evidence in the analysis. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *see also Batson v. Commissioner of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2003)(holding ALJ properly determined credibility where claimant's testimony was contradictory to and unsupported by objective medical evidence). "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, ____ F.3d____ (9th Cir. 2007), 2007 WL 2034287, 9 (official citation not available).

The ALJ determined Plaintiff suffers from medically determinable severe impairments; therefore, Plaintiff has satisfied the first prong of the *Cotton* test (Tr. 19). There is no evidence of malingering and the ALJ made no such finding. Accordingly, in order to reject Plaintiff's testimony regarding the severity of his fatigue, the ALJ must offer specific, clear and convincing findings supported by the record.

Here, the ALJ concluded Plaintiff's subjective complaints of pain, fatigue and limitations were not substantially credible because they were out of proportion to the overall weight of the objective medical evidence and "other factors of a non-medical nature" (Tr. 20). Plaintiff's argument concerns the ALJ discrediting his fatigue testimony (Doc. #8 at 6-7).

The ALJ refused to credit and factor Plaintiff's allegations of fatigue into his RFC analysis based on the lack of objective medical evidence. Specifically, the ALJ determined that, while Plaintiff has a history of left shoulder internal derangement with impingement and arthrosis, his condition improved significantly after two surgeries (Tr. 20). Furthermore, the

ALJ found the medical records indicated Plaintiff's neck and back pain were stable on medications and Plaintiff was doing well and feeling better (*Id.*). In addition to referencing objective medical evidence documenting Plaintiff's improvement, the ALJ considered Plaintiff's scant history of medical care and lack of need for either back or neck surgery (Tr. 21).

The only evidence regarding Plaintiff's alleged fatigue is his own testimony at the hearing that "on not so good days" (Tr. 284) when "sitting doesn't help and standing hurts" (Tr. 205) he lays down twice for an hour and a half to two hours and "[i]t kind of depends on if [he] slept that night" (*Id.*). The record indicates Plaintiff has a history of complaints of pain associated with his impairments; but, there is no evidence Plaintiff complained of fatigue to any physician or sought treatment for such fatigue. Accordingly, the ALJ's reasons for his credibility determination regarding Plaintiff's fatigue were specific, clear and convincing and supported by substantial evidence in the record.

### III. CONCLUSION

After carefully reviewing the record as a whole, the district court should find there is substantial evidence to support the ALJ's determination.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal of the Commissioner's Decision (Doc. #8) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm the Commissioner's Final Decision (Doc. #9) be **GRANTED** and that the decision of the ALJ be **AFFIRMED**.

DATED: September 26, 2007.

_____
UNITED STATES MAGISTRATE JUDGE